Broughton, et al. v. The Governor, use, &c.

---

# BROUGHTON, ET AL. v. THE GOVERNOR, USE, &c.

1. The writ issued against B. as sheriff of Monroe county, and several persons as his sureties, but not being served on the principal the action was discontinued, and his sureties alone declared against, alledging as a breach, that B. after the execution of the bond as sheriff received divers sums of money, to wit: the sum of twenty-five hundred dollars, which was due to, and belonging to the county of M.; which though often requested he failed and refused to pay: *Held,* that although the breach was general, and omitted to state the circumstances under which the money was received, yet it was good after verdict and judgment, if not at common law, certainly under the act of 1824, " to regulate pleadings at common law."

Writ of error to the Circuit Court of Monroe.

71

THE writ in this case, issued against Edward T. Broughton, as sheriff of Monroe, and Nathaniel Broughton, John R. Davis, Wm. Robinson and Samuel Bozman, as his sureties; but not being served on the principal, the action, as to him, was discontinued, and the declaration was against the other defendants, (saving Bozman, who died after service of process,) on his official bond. The cause was tried on the plea of *nil debet;* the jury returned a verdict for the plaintiff, and assessed the damages at $2,501; a judgment was rendered accordingly.

The breach alledged in the declaration is, that Edward T. Broughton, after the execution of the bond, as sheriff, " received divers sums of money, to wit: the sum of twenty-five hundred dollars, which was due to, and belonging to, the county of Monroe," which, though often requested, he has failed and refused to pay.

PECK & L. CLARK for the plaintiff in error.

LESLIE, for the defendant.

COLLIER, C. J.—It is insisted for the plaintiffs in error, that the judgment of the Circuit Court cannot be sustained, because—1. The declaration does not explicitly alledge, that Edward T. Broughton was sheriff, and the other parties sued, his sureties. 2. As against the sureties it should have averred under what authority, and on what account their principal received the money. Neither of these objections, it is contended, are waived or cured by the plea and verdict.

By the act of 1824, " to regulate pleadings at common law," it is declared, that "no cause shall be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings, not previously objected to : *Provided*, the declaration contains a substantial cause of action, and a material issue be tried thereon." [Clay's Dig. 322, § 53.]

The objections to the declaration in the case before us, would deserve serious consideration, if they had been made on demurrer; but we think they come too late after judgment. The breach alledged is, that the sheriff did not perform all the duties required of him, &c., but failed to pay over, on request, the sum of twenty-five hundred dollars, belonging to the county of Monroe, which he had received, as sheriff, &c., after the bond

recited was executed.    Although it is not technically alledged, that one of the parties against whom process issued was sheriff, and the others his sureties, yet this sufficiently appears at this stage of the cause.

It would certainly have been more formal to set out with particularity the circumstances under which the money was received by the sheriff, but the general averment that he received it, as sheriff, after the execution of his bond, implies that it was collected in the performance of his official duty.    This being the case, its non-payment on demand was a breach for which his sureties were liable.    The plea on which the issue was tried, whatever its form, must be regarded as a denial of the defendants' liability to make good the official default of their principal; and the response of the jury, an affirmation of its falsity.    It is then clear, that "the declaration contains a substantial cause of action," and *a material issue was tried thereon.*

But if the statute were placed out of view, it is by no means certain, that the effect of the verdict would not, at common law, prevent exception to the declaration.    Where there is a defect, imperfection, or omission in the pleading, either in substance or form, which would have been a fatal objection on demurrer, yet if the issue joined be such as is necessarily required on the trial, proof of the facts so defectively stated, or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, the verdict will operate so as to cure such defect, imperfection or omission.    [2 Saund. on Plead. & Ev. 911.]    But it is needless to add more, for the objections to the declaration cannot now be supported, whether the statute or common law be applied.

The judgment is consequently affirmed.